UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NELSON MAURICIO GARCIA** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-3558** |
| | § | |
| **MEIRZHAN PIRTAYEV AND** | § | |
| **AZIKO TRANSPORTATION, INC.** | § | |
|     **Defendants.** | § | |

### DEFENDANT AZIKO TRANSPORTATION INC.'S NOTICE OF REMOVAL

Defendant Aziko Transportation, Inc. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I. NATURE OF THE SUIT

This lawsuit arises from a claim made by Nelson Mauricio Garcia ("Plaintiff") under a claim of negligence. Plaintiffs filed this lawsuit alleging negligence against Defendants Aziko Transportation Inc. and Meirzhan Pirtayev.

### II. PROCEDURAL BACKGROUND

1.  On August 15, 2023, Plaintiff filed an Original Petition initiating an action against Defendants in the 295th Judicial District Court of Harris County, Texas, bearing Cause No. 2023-53479 ("the State Court Action"). *See* **Exhibit C.** Plaintiffs demanded a jury trial. *See* **Exhibit C**, at 34.

2.  Defendant Aziko Transportation Inc. was served with this lawsuit via its registered agent on August 23, 2023.

3. As of the date of this filing, Defendant Meirzhan Pirtayev has not been served.

4. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant Aziko Transportation Inc.'s receipt of service of process.

5. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III. BASIS FOR REMOVAL

6. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. **Plaintiff is a Texas citizen**. Plaintiff states in their Petition that they are an individual residing in Harris County, Texas. *See* **Exhibit C** at 2. Additionally, Plaintiff's Petition further states that Defendant Pirtayev is an individual residing in Craven County, North Carolina and may be served at 3169 Brunswick Avenue, New Bern, North Carolina 28526. *See* **Exhibit C** at 3. Plaintiff's Petition also states that Defendant Aziko Transportation Inc. is a corporation organized under the laws of the State of Illinois and may be served through its registered agent at 7336 Princeton Circle Drive, Hanover Park, Illinois 60133. *See* **Exhibit C** at 4.

8. For diversity purposes, an individual is a citizen of the state in which they are domiciled with intent to remain. *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Bare allegation of residency does not satisfy the requirements of an allegation of citizenship. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam). Factors considered by courts when evaluating the domicile of a party are: "current residence; voting registration and

voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others." *Bain Consulting, LLC v. Gillman*, 3:12-CV-4483-B, 2013 WL 12126275, at *1 (N.D. Tex. May 14, 2013). A change of domicile may be effectuated only by a combination of two elements, (a) taking up residence in a different domicile with (b) the intention to remain there. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

9. Plaintiff's Petition clearly states that Plaintiff is an individual who resides in Harris County, Texas. Therefore, it is undisputed that Plaintiff is a citizen of Texas for the purpose of determining diversity jurisdiction.

10. **Defendants are not Texas citizens.** Defendant Pirtayev is an individual residing in Craven County, North Carolina. *See* **Exhibit C** at 3. Defendant Aziko Transportation Inc. is a corporation organized under the laws of the State of Illinois. *See* **Exhibit C** at 4. **Aziko Transportation Inc. is incorporated in the state of Illinois and its principal place of business is in Illinois.** Thus, Defendants are not citizens of Texas for the purposes of diversity jurisdiction, and complete diversity of citizenship exists among Plaintiff and Defendants.

11. **The amount in controversy exceeds $75,000.** The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335

(5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

12. Prior to filing suit, Plaintiff issued a demand which sought $695,000. Furthermore, Plaintiff pleads Defendant was negligent and therefore seeks recovery of "past and future medical expenses; past and future physical pain and suffering; past and future mental anguish; past and future physical impairment," **Exhibit C** at 29, and pray for "actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled" **Exhibit C** at 35.

13. In addition to the foregoing, Plaintiffs' own demand letter implicates an amount in controversy that exceeds $75,000.00. "Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden." *Armendariz v. Allstate Texas Lloyd's*, 2016 WL 6915279 (W.D. Tex. Nov. 23, 2016) (citing *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (*per curium*)); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998). Plaintiff's letter dated June 14, 2023, contains his pre-suit demand for $695,000 for damages. Therefore, Defendant has satisfied the amount in controversy requirement, this Court has subject-matter jurisdiction under 28 U.S.C. §1332, and removal is proper.

14. Removal to the Southern District of Texas, Houston Division, is proper because the State Court Action is pending in Harris County, which is part of the Southern District.

15. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81.1, Defendant has filed the following with this Notice of Removal: (a) a completed civil cover sheet, (b) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court, (c) a copy of the docket sheet in the state court action, and (d) each document filed in the state court action, except discovery material. *See attached* **Exhibits A-E.** Defendant will separately file any Certificate of Interest Persons and Corporate Disclosure which may be required in compliance with Fed. R. Civ. P. 7.1.

16. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

17. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because (1) Plaintiff is a citizen of Texas, (2) Defendants are not citizens of Texas and (3) the amount in controversy, based on Plaintiffs' pleadings and pre-suit demand letter, exceeds $75,000 exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. § 1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

18. Defendant demands a jury in this removed action.

19. THEREFORE, Defendant respectfully requests that the above-entitled action be removed from the 295th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ W. Shane Osborn*
W. Shane Osborn
Texas Bar No.: 24068343
Federal I.D. 1128026
E-mail: osborn@mdjwlaw.com
Eric Anthony Menesse
Texas Bar No.: 24116760
Federal I.D. 3536522
E-mail: menesse@mdjwlaw.com
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
**ATTORNEYS FOR DEFENDANT AZIKO TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served on September 21, 2023 to the following counsel of record by *Electronic Filing*:

CJ Baker
service@armstronglee.com
ARMSTRONG LEE & BAKER, LLP
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone: (832) 709-1124
Facsimile: (832) 709-1125
*Attorneys for Plaintiff*

*/s/ Eric Anthony Menesse*
Eric Anthony Menesse

6